

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00213-CR
No. 07-22-00214-CR

**JUSTIN DUNWAY FRIAR, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 452nd District Court
McCulloch County, Texas[1]
Trial Court Nos. 6707 & 6708; Honorable Robert R. Hofmann, Presiding

August 11, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Justin Dunway Friar, appeals his convictions for aggravated assault on a public servant[2] and evading arrest or detention with a motor vehicle.[3] We have twice remanded the causes to the trial court for appointment of new counsel. *Friar v. State*,

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B).

[3] *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A).

Nos. 07-22-00213-CR, 07-22-00214-CR, 07-22-00215-CR, 2022 Tex. App. LEXIS 9099, at *1–2 (Tex. App.—Amarillo Dec. 14, 2022, order) (per curiam) (remanding after Appellant's appointed counsel was elected district judge); *Friar v. State*, Nos. 07-22-00213-CR, 07-22-00214-CR, 07-22-00215-CR, 2023 Tex. App. LEXIS 659, at *1–2 (Tex. App.—Amarillo Feb. 1, 2023, order) (per curiam) (remanding for determination of Appellant's motion to substitute appointed counsel for retained counsel). Because Appellant's newly retained counsel has failed to file a brief, we again remand the causes to the trial court for further proceedings.[4]

Appellant's brief was due April 5, 2023. We subsequently granted Appellant's counsel three extensions to file a brief. In his first two motions for extension, counsel requested additional time because of his purported inability to obtain the appellate record from prior counsel.[5] By his third motion, counsel sought additional time to request a supplemental clerk's record which was later filed. By letter of June 15, 2023, we granted Appellant's counsel the third extension, admonishing that no further extensions would be granted and that the causes would be remanded to the trial court, without further notice, if a brief was not received by July 31. Appellant's counsel has not filed a brief in the causes to date. Instead, counsel has filed a "Motion for Leave to Request Additional Records from Clerk of Trial Court and Extension of Time to File Appellant's Brief" in each cause, requesting an extension of time to obtain an additional supplemental clerk's record of documents filed in trial court causes "6620 and 6621."

---

[4] We do not abate and remand Appellant's companion appeal, appellate cause 07-22-00215-CV, because Appellant has filed a brief in that cause.

[5] We note that the Clerk of this Court notified counsel that the appellate record was accessible through the attorney portal on the Court's website.

Because the Court is unable to determine whether Appellant's counsel has properly requested an additional supplemental clerk's record or whether counsel will be able to file Appellant's brief, we abate these appeals and remand the causes to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1. whether Appellant still desires to prosecute the appeals;

2. whether Appellant is indigent;

3. if Appellant is not indigent, whether Appellant has made the necessary arrangements for filing a brief;

4. whether Appellant has properly requested an additional supplemental record from the trial court clerk;

5. what documents Appellant contends are missing from the clerk's record previously filed in these appeals and why Appellant believes they are relevant to the appeals;

6. if an additional supplemental record has been properly requested, why the trial court clerk has not filed the requested record;

7. why a timely appellate brief has not been filed on behalf of Appellant;

8. whether Appellant's counsel has abandoned the appeals;

9. whether Appellant has been denied the effective assistance of counsel;

10. whether new counsel should be appointed; and

11. if Appellant desires to continue the appeals, the date the Court may expect Appellant's brief to be filed.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by September 25, 2023. If it is determined that Appellant desires to proceed with the appeals, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Finally, if the trial court finds that Appellant is not indigent and has not made the necessary arrangements for filing a brief, the Court will consider the appeals without briefs pursuant to Rule of Appellate Procedure 38.8(b)(4) upon reinstatement.

It is so ordered.

Per Curiam

Do not publish.

4